IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILIP J. BERG, et al.                          :         CIVIL ACTION
                                                :
         v.                                     :
                                                :
WEICHERT REALTORS SEAGATE, et al.               :         No. 2:09-cv-00321

O R D E R

AND NOW, this 19th day of November 2009, upon consideration of Plaintiffs' Request

for Default Judgment (Doc. No. 11), Defendants' Cross Motion to Vacate Default and Dismiss

Plaintiffs' Complaint (Doc. No. 17), Defendants' Letter in opposition to Plaintiffs' Request and

in support of their Cross Motion (Doc. No. 21), Plaintiffs' Response in opposition to Defendants'

Cross Motion and in support of their Request (Doc. No. 25), Defendants' Letter in reply thereto

(Doc. No. 27), and following a hearing held before this Court on August 6, 2009, it is hereby

ORDERED as follows:

1.    Plaintiffs' Request for Default Judgment is DENIED;

2.    Defendants' Motion to Vacate Default is GRANTED; and

3.    Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal
      Rule of Civil Procedure 12(b)(2) is GRANTED.

4.    The Clerk of Court shall close this case for statistical purposes.

I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of property damage to Plaintiffs' home resulting from a water leak.

Plaintiffs Philip J. Berg and Carol Miller are both residents of Pennsylvania.  Defendant

Weichert Realtors Seagate (hereinafter "Weichert Seagate") is incorporated in and maintains its

1

principal place of business in New Jersey.  Defendant Doreen Kraemer, a resident of New Jersey,

is a realtor and owner of Weichert Seagate.  Defendant Anthony Platanella, a resident of New

Jersey, joined Weichert Seagate as a part-time real estate broker-salesperson in November 2008,

and Defendant Michael Iveson, also a resident of New Jersey, became a broker for Weichert

Seagate in May 2008.  Defendant Don Kraemer is a New Jersey resident and a silent partner in

Weichert Seagate.[1]

      Plaintiffs owned a home in Ventnor, New Jersey (hereinafter "Ventnor property").  In or

about October 2006, Plaintiffs prepared their home for the winter season by turning off the

outside water and setting the inside temperature thermostat to sixty degrees.  (Compl. ¶ 16.)

Plaintiffs had their home placed under contract with Weichert Realtors for the sale of their

property, and on November 14, 2006, Defendant Doreen Kraemer received a property listing

referral from Weichert Realtors Yardley for a client named Terry Dershaw as the Trustee for the

Estate of Philip Berg.  (Doreen Kramer Aff. ¶ 6, Aug. 4, 2009, Defs.' Mot. Vacate Default and

Dismiss 23.)  On December 13, 2006, Defendant Doreen Kraemer entered into a listing

agreement for the Ventnor property.  (Id. at ¶ 8.)

      According to Plaintiff, while the Ventnor property was under Defendant Weichert

Seagate's control, one of Defendant Weichert Seagate's agents turned the inside thermostat down

to forty degrees.  (Compl. ¶ 18.)  As a result, water began leaking in the Ventnor property, and on

or about January 28, 2007, the Ventnor City Police and Fire Departments entered Plaintiffs'

property to shut off the water and electricity and to secure the property.  (Id. at ¶ 23.)  Plaintiffs

---

[1]    Collectively, Defendants Weichert Seagate, Doreen Kraemer, Anthony Platanella,
Michael Iveson, and Don Kraemer, are referred to as "Defendants."

allege that Defendants "failed to take any action to secure and/or protect" the Ventnor property and are liable for the damage caused to the property.  (Id. at ¶ 21.)

On January 22, 2009, Plaintiffs commenced this action against Defendants alleging claims of breach of contract, breach of fiduciary duties, fraudulent misrepresentation, negligence, and wantonness actions.[2]  When Defendants failed to answer, move or otherwise respond to Plaintiffs' Complaint in a timely manner, Plaintiffs filed a Request for Entry of Default Against Defendants (Doc. No. 8), and default was entered on May 22, 2009.  Plaintiffs filed a Request for Default Judgment on May 26, 2009 (Doc. No. 11), and on August 4, 2009, Defendants filed a Cross Motion to Vacate Default and Dismiss Plaintiffs' Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), (5), and (6) (Doc. No. 17).[3]  A hearing regarding these Motions was held on August 6, 2009.

II.    MOTION TO ENTER DEFAULT JUDGMENT AND MOTION TO VACATE DEFAULT

A.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a party who has been granted an entry of default against an opposing party must "apply to the court" for a default judgment.  Fed. R. Civ. P. 55(b)(2).  Federal Rule of Civil Procedure 55(c) provides that "the court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  Because motions under these two provisions are "essentially mirror images of one another" and governed by the same standards,

---

[2]    Plaintiffs also filed this Complaint against Weichert Realtors, Martin Reuter, and Kathy Williams, all of whom were dismissed from this action by Judge Bruce Kauffman on May 29, 2009 (Doc. No. 13).

[3]    This matter was reassigned from Judge Kauffman to this Court on July 17, 2009 (Doc. No. 14).

they are "appropriately treated together."  Duncan v. Speach, 162 F.R.D. 43, 44 (E.D. Pa. 1995).

When considering both motions, district courts must consider four factors: "(1) whether lifting

the default will prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious

defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the

effectiveness of alternative sanctions."  Allstate Ins. Co. v. Hopfer, No. 08-4549, 2009 WL

1362612, at *2 (E.D. Pa. May 14, 2009) (quoting EMCASCO Ins. Co. v. Sambrick, 834 F.2d 71,

73 (3d Cir. 1987)); see also Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc., 192 F.R.D. 171,

174 (E.D. Pa. 2000).  "Generally, courts look upon the default procedure with disfavor because

the interests of justice are best served by obtaining a decision on the merits."  Choice Hotels Int'l,

Inc., 192 F.R.D. at 173-74 (citing Farnese v. Begnasco, 687 F.2d 761, 764 (3d Cir. 1982)).  As

such, Rule 55(c) motions are "construed liberally" in favor of the movant, and doubts should be

resolved in favor of reaching a decision on the merits.  Id.; see also Allstate Ins. Co., 2009 WL

1362612, at *2.

 B. Discussion

 Plaintiffs and Defendants dispute whether Defendants were properly served with the

Complaint.  For purposes of this Order, we assume that Defendants were properly served with

Plaintiffs Complaint,[4] and our inquiry focuses on whether the entry of default should be vacated

---

[4] Defendants' primary argument for setting aside the entry of default is that
Defendants were not properly served with Plaintiffs' Complaint when Plaintiffs' server left
copies of process for all Defendants with Defendant Platanella, allegedly an independent
contractor who was not authorized to accept service on behalf of Defendants.  (Defs.' Mot.
Vacate Default and Dismiss 9.)  Plaintiffs respond that Defendant Platanella is an employee of
Defendant Weichert Seagate, and therefore may accept service on behalf of the other Defendants.
(Pls.' Resp. to Defs.' Mot. 7.)  Because we find that the entry of default should be vacated
assuming that Defendants were properly served, we do not find it necessary to rule on whether
there was proper service.

for good cause, or whether a default judgment should be entered.

First, to establish prejudice, Plaintiffs must demonstrate that his/her claim "would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." See Dizzley v. Friends Rehab. Program, Inc., 202 F.R.D. 146, 147-48 (E.D. Pa. 2001); Choice Hotels Int'l, Inc., 192 F.R.D. at 174 (citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982)). "Mere delay" in satisfying a claim is rarely sufficient to establish prejudice. Allstate Ins. Co., 2009 WL 1362612, at *2 (citing Feliciano, 691 F.2d at 657-58). Plaintiffs argue that they will be severely prejudiced if entry of default is set aside because Plaintiffs "have been attempting to recoup damages from Defendants for over two and one-half years."[5] (Pls.' Resp. to Defs.' Mot. 11.) However, delay caused by Defendants' failure to timely respond is insufficient to demonstrate prejudice. Thus, this factor supports vacating the entry of default.

Second, we must consider whether Defendants have meritorious defenses. This factor is satisfied when "allegations of [a] defendant's answer, if established at trial, would constitute a complete defense to the action." Allstate Ins. Co., 2009 WL 1362162, at *3 (quoting United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). The defendant does not have to "prove beyond a shadow of a doubt that [it] will win at trial; it need only demonstrate that it has a defense to the action which at least has merit on its face." Id. (quoting Jackson v.

---

[5]    During the hearing held before this Court on August 6, 2009, Plaintiffs also explained that Defendants served their Motion just a few days before the hearing and Plaintiffs did not have an opportunity to respond prior to the hearing. (Hr'g Tr. 52:13, Aug. 6, 2009.) However, this Court gave Plaintiffs three weeks after the hearing in which to respond to Defendants' Motion, and thus removed any prejudice that may have resulted from Defendants' filing. (Id. at 55:22.)

Delaware County, 211 F.R.D. 282, 284 (E.D. Pa. 2002) (internal quotations omitted)).  However, it is not enough for a defendant to allege "simple denials or conclusory statements"; the defendant must present specific facts to show the facial validity of its defense.  $55,518.05 in U.S. Currency, 728 F.2d at 195; see also Allstate Ins. Co., 2009 WL 1362162, at *3 (citing id.).

Each individual Defendant has presented separate defenses to Plaintiffs' allegations.[6] (Defs.' Mot. Vacate Default and Dismiss 11-12.)  Defendant Doreen Kraemer's defense is that her client was the trustee of Plaintiff Berg's estate and that she executed all of her duties to her client.  (Id. at 11.)  Both Defendants Anthony Platanella and Michael Iveson assert that they were not employed by Weichert Seagate at the time of the incident in January 2007.  (Id. at 12.)  Defendant Don Kraemer's defense is that he is a silent partner in Weichert Seagate and does not perform any real estate sales for the business.  (Id. at 11.)  We conclude that Defendants have presented specific facts demonstrating that their defenses are facially meritorious.  In response, Plaintiffs merely make a conclusory allegation that Defendants do not present meritorious defenses and fail to contest the merit of the defenses.  (Pls.' Resp. to Defs.' Mot. 11.)  Because we find that Defendants have provided meritorious defenses, this factor weighs in favor of vacating default.

Third, to determine whether Defendants' failures to respond are excusable or culpable, we must determine whether Defendants' actions were "taken willfully or in bad faith."  See Allstate Ins. Co., 2009 WL 1362612, at *3 (quoting Gross v. Stereo Component Sys., Inc., 700

---

[6]     Although Defendant Weichert Seagate did not specifically allege a separate defense, because it is a corporation that acts through its agents, we find that for purposes of our present review, Defendant Doreen Kraemer's defense is sufficient to constitute a defense for Defendant Weichert Seagate.

F.2d 120, 124 (3d Cir. 1983)).  More than "mere negligence" must be demonstrated.  Id.; see also

Choice Hotels Int'l, Inc., 192 F.R.D. at 174.  Defendants explain that they failed to answer

Plaintiffs' Complaint because process was served on Defendant Platanella who was allegedly not

authorized to accept service on behalf of all Defendants, and the Complaint and Summons were

subsequently misplaced by Weichert Seagate's receptionist.  (Defs.' Mot. Vacate Default and

Dismiss 10-11.)   As a result, Defendants did not know that a complaint was filed against each of

them individually until default was entered.  (Id.)  Plaintiffs respond that Defendants' argument

that they were not aware of the lawsuit fails because Defendants' counsel made no mention of the

service issues when he called Plaintiffs' counsel requesting to set aside the entry of default days

after it was entered.  (Pls.' Resp. to Defs.' Mot. 9.)  In light of the confusion surrounding service

of process, and resolving all doubts in favor of reaching the merits of this matter, we conclude

that Defendants' failures to respond were not the result of culpable conduct.  See Douglas v.

Wal-Mart Stores, Inc., No. 05-152, 2005 WL 589626, at *2 (E.D. Pa. Mar. 10, 2005) (finding no

culpable conduct by defaulting defendants when defendants acted "in a good faith belief that

service was defective").

        Lastly, we must consider the effectiveness of alternative sanctions.  Courts may issue

alternative sanctions in cases in which they are "troubled by the behavior of the party seeking to

set aside the default."  Royal Ins. Co. of Am. v. Packaging Coordinators, Inc., No. 00-3231, 2000

WL 1586081, at *3 (E.D. Pa. Oct. 24, 2000).  Because Defendants have presented meritorious

defenses and have not acted willfully or in bad faith, we find that alternative sanctions are

unnecessary.  See id.; see also Blue Ribbon Commodity Traders, Inc. v. Progresso Cash & Carry,

No. 07-4122, 2008 WL 2909360, at *4 (E.D. Pa. July 23, 2008) (declining to impose alternative

sanctions where defendant has not shown bad faith and has meritorious defense).

After considering these four factors, we find that default judgment is inappropriate and that Defendants have established "good cause" to set aside default entered against them. Because this case shall proceed to the merits, we will now consider Defendants' Motion to Dismiss for lack of personal jurisdiction.[7]

IV.    MOTION TO DISMISS

A.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b), a party may assert several defenses by motion before filing a responsive pleading. One such defense is the lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A motion to dismiss for lack of personal jurisdiction "is inherently a matter which requires resolution of factual issues outside the pleadings." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 101 n.6 (3d Cir. 2004) (quoting Patterson v. FBI, 893 F.3d 595, 603-04 (3d Cir. 1990)). "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." Mellon Bank PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). To meet this burden, the plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." Snyder v. Dolphin

---

[7]    Defendants seek dismissal of this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), improper venue pursuant to Rule 12(b)(3), insufficient service of process pursuant to Rule 12(b)(5), and failure to state a claim pursuant to Rule 12(b)(6). Because lack of personal jurisdiction is dispositive, we address that defense first and do not reach the other defenses. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 195 (3d Cir. 1998) ("Where personal jurisdiction is lacking, clearly a Rule 12(b)(2) motion is more appropriate than one under Rule 12(b)(5).") (internal quotations omitted); see also Sudofsky v. JDC Inc., No. 03-1491, 2003 WL 22358448, at *2 (E.D. Pa. Sept. 8, 2003).

Encounters Ltd., 235 F. Supp. 433, 436 (E.D. Pa. 2002) (quoting Farino, 960 F.2d at 1223).  The

plaintiff must establish these "jurisdictional facts through sworn affidavits or other competent

evidence."  Farina v. Nokia, 578 F. Supp. 2d 740, 749 (E.D. Pa. 2008) (quoting Time Share

Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984)).  Although the plaintiff

bears the burden of demonstrating the facts that establish personal jurisdiction, the court must

construe any disputed facts in the light most favorable to the plaintiff.  Miller Yacht Sales, Inc.,

384 F.3d at 97.

      B.    <u>Discussion</u>

Whether personal jurisdiction may be exercised over a defendant is a question of law.

Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 329 (3d Cir. 2009).  Pursuant to Federal

Rule of Civil Procedure 4(e), "a federal district court may assert personal jurisdiction over a non-

resident of the state in which the court sits to the extent authorized by the law of that state."

D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (quoting Provident Nat'l Bank

v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987)).  Pennsylvania's long-arm

statute, 42 Pa. Cons. Stat. Ann. § 5322(b), authorizes Pennsylvania courts "to exercise personal

jurisdiction over nonresident defendants to the constitutional limits of the Due Process Clause of

the Fourteenth Amendment."  See Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001)

(quoting Farino, 960 F.2d at 1221).  The Due Process Clause requires that "nonresident

defendants have certain minimum contacts with [the forum state] such that maintenance of the

suit does not offend traditional notions of fair play and substantial justice."  See D'Jamoos, 566

F.3d at 102 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (internal

quotations omitted).  These contacts "must have a basis in 'some act by which the defendant

purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" Remick, 238 F.3d at 255 (quoting Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 109 (1987)).

There are two distinct theories under which personal jurisdiction may be exercised—general jurisdiction and specific jurisdiction.  "A court may exercise general jurisdiction over a defendant where he or she has 'continuous and systematic contacts' with the forum, whether or not those contacts are related to the plaintiff's cause of action." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984)).  Specific jurisdiction, on the other hand, "is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities such that the defendant 'should reasonably anticipate being haled into court' in that forum." Remick, 238 F.3d at 255 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). Specific jurisdiction "exists when the claim arises from or relates to conduct purposely directed at the forum state." Marten, 499 F.3d at 296 (citing Helicopteros, 466 U.S. at 414-15).

Defendants argue that this Court cannot assert general nor specific jurisdiction over them. Although Plaintiffs carry the burden to establish with reasonable particularity sufficient contacts to support jurisdiction, see Provident Nat'l Bank, 819 F.2d at 437, Plaintiffs have failed to oppose or otherwise respond to Defendants' personal jurisdiction defense.  This Court also advised Plaintiffs that they had to address this issue in their documents, but Plaintiffs did not do so.  (Hr'g Tr. 54:10.)  Notwithstanding Plaintiffs' failure to respond, we will consider Defendants' Motion to Dismiss for lack of personal jurisdiction, and we will consider the merits of the Motion based on the filings provided to us.  See Williams v. Ponder, No. 08-4086, 2009

WL 3152129, at *2 (E.D. Pa. Sept. 30, 2009) (citing <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991) (finding that motion to dismiss should not be granted merely because non-movant failed to timely respond)).

       1.    <u>General Jurisdiction</u>

General jurisdiction over a non-resident defendant is established when the defendant's contacts in the forum state are "continuous and systematic." <u>See</u> <u>Marten</u>, 499 F.3d at 296. Under Pennsylvania law, general jurisdiction may be exercised over an individual when he/she is present in the state when process is served, domiciled in the state when process is served, or consents to general jurisdiction. 42 Pa. Cons. Stat. Ann. § 5301(a)(1). Individual Defendants Doreen Kraemer, Anthony Platanella, Michael Iveson, and Don Kraemer are all residents of New Jersey, and "the owner[s], agents, or employees of a New Jersey real estate practice." (Defs.' Mot. Vacate and Dismiss 14; Compl. ¶¶ 6-11.) Accordingly, because the individual Defendants were not domiciled in Pennsylvania at the time of service, and there is no evidence demonstrating that Defendants were present in the state at the time of service or consented to jurisdiction, this Court cannot exercise general jurisdiction over the individual Defendants.

General jurisdiction may be exercised over a corporation in Pennsylvania if it is incorporated in Pennsylvania or qualifies as a foreign corporation under Pennsylvania law, consents to jurisdiction, or carries on a "continuous and systematic part of its general business" within Pennsylvania. 42 Pa. Cons. Stat. Ann. § 5301(a)(2). "The threshold for establishing general jurisdiction is very high and requires a showing of 'extensive and pervasive' facts demonstrating connections with the forum state." <u>Kendall v. Trustees of Amherst College</u>, No. 06-4983, 2007 WL 172396, at *2 (E.D. Pa. Jan. 18, 2007) (citing <u>Reliance Steel Prods. Co. v.</u>

Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982)).  Defendant Weichert

Seagate is incorporated in New Jersey and maintains its principal place of business therein.

(Compl. ¶ 5.)  Moreover, Defendant Weichert Seagate's only contact with Pennsylvania during

the relevant incident occurred when Defendant Doreen Kraemer received a "branch to branch

referral" for the Ventnor property by a Weichert Realtors office in Yardley, Pennsylvania.

(Doreen Kraemer Aff. ¶ 6.)  This minimal contact does not demonstrate that Weichert Seagate

carries on a "continuous and systematic" part of its business in Pennsylvania.  Therefore, this

Court cannot exercise general jurisdiction over Defendant Weichert Seagate.

2.     Specific Jurisdiction

To determine whether specific jurisdiction exists over Defendants, we must conduct a

three-part inquiry.  D'Jamoos, 566 F.3d at 102.  First, Defendants "must have 'purposefully

directed [its] activities' at the forum."  Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S.

462, 472 (1985)).  Second, "the litigation must 'arise out of or relate to' at least one of those

activities."  Id. (quoting Helicopteros, 466 U.S. at 414).  And third, "if the first two requirements

have been met, a court may consider whether the exercise of jurisdiction otherwise 'comports

with fair play and substantial justice.'"  Id. (quoting Burger King Corp., 471 U.S. at 476).  The

threshold requirement is that Defendants must have "purposefully availed itself of the privilege

of conducting activities within the forum state."  Id. (quoting Hanson v. Denckla, 357 U.S. 235,

237 (1958).  While Defendants' "physical entrance" into the forum state is not required,

Defendants' contacts "must amount to a deliberate targeting of the forum."  Id. (quoting

O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007)).

This Court cannot properly exercise specific jurisdiction over Defendants Anthony

12

Platanella and Michael Iveson because neither Defendants were employed by or agents of

Defendant Weichert Seagate at the time of the relevant incidents, (Anthony Platanella Aff. ¶ 3,

Aug. 4. 2009, Defs.' Mot. to Vacate and Dismiss 31; Michael Iveson Aff. ¶ 2, Aug. 4. 2009,

Defs.' Mot. to Vacate and Dismiss 27), and thus it cannot be said that the instant claim arises out

of or relates to conduct by these Defendants.  With regard to Defendants Weichert Seagate and

Doreen Kraemer, the only relevant contact with Pennsylvania occurred when Doreen Kraemer

received a "branch-to-branch referral" from Weichert Realtors in Yardley, Pennsylvania for the

Ventnor property.  (Doreen Kraemer Aff. ¶ 6.)  Defendant Doreen Kraemer "[does] not have a

license to sell real estate in Pennsylvania and [does not] have listings or solicit business in

Pennsylvania."  (Id. at ¶ 5.)  The property itself was located in Ventnor, New Jersey, and the

water leak incident that is the basis for the present action occurred at the Ventnor property.

Defendant Doreen Kraemer's one contact with Weichert Realtors in Yardley, in which she was

referred business and did not solicit the business, does not amount to conduct in which she

"purposefully availed" herself of the privilege of conducting business in Pennsylvania.  See

Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 150 (3d Cir. 1996)

(finding no specific jurisdiction in part because defendant did not solicit the relevant contract or

initiate business relationship leading up to contract); see also Utilitech, Inc. v. Somerset Med.

Ctr., No. 06-1232, 2006 WL 1687046, at *6 (E.D. Pa. June 15, 2006).  Because Doreen Kraemer

was acting in her capacity as a realtor and owner of Weichert Seagate, Defendant Weichert

Seagate also did not purposefully avail itself of the privilege of conducting business in

Pennsylvania.  Lastly, Defendant Don Kraemer is a silent partner in Defendant Weichert Seagate

and is not a real estate agent or broker.  (Don Kraemer Aff. ¶¶ 2, 3, Aug. 4, 2009, Defs.' Mot.

13

Vacate and Dismiss 29.)  Defendant Don Kraemer has not engaged in any activities purposely

directed at Pennsylvania.  Moreover, his role as a silent partner in Weichert Seagate is

insufficient to confer jurisdiction over him in light of our finding that we cannot exercise

jurisdiction over Defendant Weichert Seagate.  See <u>Morgan Guar. Trust Co. of N.Y. v.</u>

<u>Blacksburg Assocs., L.P.</u>, No. 90-6076, 1990 WL 209297, at *2 (E.D. Pa. Dec. 13, 1990)

(explaining that by investing in a partnership that satisfied minimum contacts test, partners have

also purposefully availed themselves in forum state).  Therefore, this Court cannot properly

exercise specific jurisdiction over Defendants.

V.     CONCLUSION

       Accordingly, Plaintiffs' Request for Default Judgment (Doc. No. 11) is DENIED, and

Defendants' Cross Motion to Vacate Default and Dismiss Plaintiffs' Complaint is GRANTED

(Doc. No. 17).

       The Clerk of Court is directed to close this case for statistical purposes.


                                        BY THE COURT:

                                        /S/LEGROME D. DAVIS

                                        Legrome D. Davis, J.


                                        14